# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BEN DAVIS,<br><br>                    Plaintiff,<br>     v.<br>BRANDON JONES,<br><br>                    Defendant. | Case No. 3:21-cv-00024-SLG |

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

On February 5, 2021, Ben Davis, a self-represented prisoner, filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983, a civil cover sheet, and an Application to Proceed in District Court Without Prepaying Fees or Costs.[1]

In order to properly commence a civil action, a litigant must file either the filing fee of $402.00 or an application to waive prepayment of the filing fee.[2] However, 28 U.S.C. § 1915(g) provides that a self-represented prisoner cannot bring a civil action *in forma pauperis* (receive a waiver of prepayment of fees or costs), if "on three or more prior occasions, while incarcerated" the prisoner brought actions that were dismissed as "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]"[3] Congress maintains an exception

---

[1] Dockets 1–3.

[2] Local Civil Rule 3.1(c).

[3] 28 U.S.C. § 1915(g).

allowing a prisoner to file *in forma pauperis* if under "imminent danger of serious physical injury."[4]

At Docket 3, Mr. Davis has filed an Application to Procced in District Court Without Prepaying Fees or Costs. Mr. Davis has received three strikes from prior dismissed actions filed while he has been incarcerated.[5] The Court has reviewed the Complaint and found that Mr. Davis has not alleged sufficient facts to meet the required imminent danger exception. Accordingly, Mr. Davis may not proceed in this action *in forma pauperis*.

**THEREFORE, IT IS ORDERED**, the Application to Procced in District Court Without Prepaying Fees or Costs at Docket 3 is **DENIED. IT IS FURTHER ORDERED** as follows: Mr. Davis has 30 days from the date of this Order to pay the $402.00 filing fee.[6] If Mr. Davis does not pay the filing fee within 30 days, this action will be dismissed without further notice to him.

DATED this 3rd day of March, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] *Id.*

[5] *Davis v. Luper*, Case No. 3:20-cv-00141-SLG, Docket 4 (Order of Dismissal & Notice of Third Strike); *see also* prior dismissals in *Davis v. State of Alaska, et al.*, Case Nos. 3:17-cv-00263-TMB, Dockets 8 & 9 and *Davis v. State of Alaska Public Defender Agency, et al.*, 3:18-cv-00157-SLG, Dockets 6 & 7.

[6] If Mr. Davis pays the filing fee, his Complaint will still be subject to screening under 28 U.S.C. §§ 1915(e)(2)(B), 1915A, which requires a Court to perform pre-litigation screening of prisoner complaints to determine if the action is frivolous, fails to state a claim, or seeks relief from a defendant who is immune from suit. If the action is dismissed upon screening, Mr. Davis will <u>not</u> be entitled to a refund of the fee.